# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**Chambers of**  
**Richard D. Bennett**  
**United States District Judge**  
**Northern Division**

U.S. Courthouse-Chambers 5D  
101 W. Lombard Street  
Baltimore, MD 21201  
Tel: 410-962-3190  
Fax: 410-962-3177

MDD_RDBChambers@mdd.uscourts.gov

September 22, 2021

TO COUNSEL OF RECORD

    Re:    Soderberg, et al. v. Carrion, et al.  
             Civil No: RDB-19-1559

Dear Counsel:

      Over the years many members of our bar have expressed concern about the obstacles to timely, efficient, and inexpensive resolution of discovery disputes. These issues have now been addressed by amendments to the Federal Rules of Civil Procedure which took effect on December 1, 2015. Rule 26(b)(1) notes that discovery must be "proportional to the needs of the case." Specifically, Rule 16(b)(3)(B)(v) provides that before moving for an order relating to discovery the moving party must request a conference with the court. This is consistent with a policy which I have been following for several years. This policy shall be followed **before** the filing of any motions relating to discovery disputes.

      In the event of a disagreement involving a discovery matter, counsel shall notify opposing counsel of their intent to contact my chambers to request that I make myself available for a telephone conference. Counsel requesting such a conference shall check the availability of all counsel and then contact my chambers with their suggested dates and times. After a date and time have been scheduled with the Court, it shall be the responsibility of counsel requesting the conference to arrange and initiate the conference call at the prescribed time. I would not anticipate that any conference call would take more than 30 minutes.

      Counsel involved in any such discovery disputes shall deliver to my chambers short letters (not more than two pages) setting forth their respective positions not later than 5 p.m. on the day prior to the scheduled telephone conference. This long-standing requirement for cases assigned to me is reflected in Discovery Guideline 1.f of the Local Rules of this Court. Unless specifically requested by counsel, there will generally not be a court reporter present and there will not be an official record of the conference.

      I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues require the filing of a motion and briefing, I will so advise

counsel.  In that event, I will issue a formal ruling.  As a general rule, I do *not* refer discovery disputes to a Magistrate Judge of this Court.

In order for this discovery dispute policy to be successful, it is imperative that counsel exercise restraint.  I simply do not have time to resolve each and every dispute that may arise during the course of discovery.  However, I recognize the great advantage the court can provide in quickly resolving many discovery issues.

Finally, recent amendments to the Federal Rules of Civil Procedure created new rules governing discovery of electronically stored information (AESI@).  You will note that the Scheduling Order includes a deadline for a conference with respect to discovery of ESI.

        Sincerely,

        /s/

        Richard D. Bennett
        United States District Judge

RDB/klf