# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BRANDON SODERBERG, *et al.*,     *

    *Plaintiffs*,     *

    v.     *     No. 1:19-cv-1559-RDB

AUDREY J. S. CARRIÓN, *et al.*,     *

    *Defendants*.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AMENDED ANSWER

Defendants, the Hon. Audrey J. S. Carrión, sued in her official capacity as Administrative Judge of the Circuit Court for Baltimore City, and the Hon. Sheila R. Tillerson Adams, sued in her official capacity as Administrative Judge of the Circuit Court for Prince George's County, by counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby answer the Complaint filed against them by plaintiffs, and state as follows:

1. The allegations contained in paragraph 1 of the Complaint constitute legal conclusions, opinions and characterizations to which no response is required. To the extent a response is required, the allegations are denied.

2. The Maryland statutes and rules described in paragraph 2 of the Complaint speak for themselves. To the extent the allegations in paragraph 2 of the Complaint differ from the Maryland statues and rules described therein, they are denied. The remaining allegations contained paragraph 2 of the Complaint constitute legal conclusions, opinions,

and characterizations to which no response is required. To the extent a response is required, the allegations are denied.

3. The judicial opinion described in paragraph 3 of the Complaint speaks for itself. To the extent the allegations in paragraph 3 differ from the judicial opinion described therein, they are denied. The remaining allegations contained in paragraph 3 of the Complaint constitute legal conclusions, opinions and characterizations to which no response is required. To the extent a response is required, the allegations are denied.

4. The Maryland law described in paragraph 4 of the Complaint speaks for itself. To the extent the allegations in paragraph 4 of the Complaint differ from the Maryland law described therein, they are denied. The remaining allegations contained paragraph 4 of the Complaint constitute legal conclusions, opinions, and characterizations to which no response is required. To the extent a response is required, the allegations are denied.

5. The judicial opinions described in paragraph 5 of the Complaint speak for themselves. To the extent the allegations in paragraph 5 differ from the judicial opinions described therein, they are denied. The remaining allegations contained in paragraph 5 of the Complaint constitute legal conclusions, opinions and characterizations to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations contained in paragraph 6 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

7. The allegations contained in paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. Defendants admit the allegations in paragraph 8 of the Complaint

9. The Maryland Rules described in paragraph 9 of the Complaint speak for themselves. To the extent the allegations in paragraph 9 of the Complaint differ from the Maryland Rules described therein, they are denied. The remaining allegations contained paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10. The Maryland Rules described in paragraph 10 of the Complaint speak for themselves. To the extent the allegations in paragraph 10 of the Complaint differ from the Maryland Rules described therein, they are denied. The remaining allegations contained paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11. Defendants admit that some courts maintain audio and video recordings of proceedings. The allegations contained in the second sentence of paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 11.

12. The Maryland law described in paragraph 12 of the Complaint speaks for itself. To the extent the allegations in paragraph 12 of the Complaint differ from the Maryland law described therein, they are denied. The remaining allegations contained

paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

13. The Maryland law described in paragraph 13 of the Complaint speaks for itself. To the extent the allegations in paragraph 13 of the Complaint differ from the Maryland law described therein, they are denied. The remaining allegations contained paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14. The Maryland law described in paragraph 14 of the Complaint speaks for itself. To the extent the allegations in paragraph 14 of the Complaint differ from the Maryland law described therein, they are denied.

15. The Maryland law described in paragraph 15 of the Complaint speaks for itself. To the extent the allegations in paragraph 15 of the Complaint differ from the Maryland law described therein, they are denied. The remaining allegations contained paragraph 15 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. The Maryland law described in paragraph 16 of the Complaint speaks for itself. To the extent the allegations in paragraph 16 of the Complaint differ from the Maryland law described therein, they are denied. The remaining allegations contained paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17. The Maryland law described in paragraph 17 of the Complaint speaks for itself. To the extent the allegations in paragraph 17 of the Complaint differ from the

Maryland law described therein, they are denied. The remaining allegations contained paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. The Maryland law described in paragraph 18 of the Complaint speaks for itself. To the extent the allegations in paragraph 18 of the Complaint differ from the Maryland law described therein, they are denied. The remaining allegations contained paragraph 18 of the Complaint constitute legal conclusions to which no response is required.

19. The Maryland law described in paragraph 19 of the Complaint speaks for itself. To the extent the allegations in paragraph 19 of the Complaint differ from the Maryland law described therein, they are denied. The remaining allegations contained paragraph 19 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

20. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 20 of the Complaint.

21. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 22 of the Complaint.

23. Defendants are without knowledge or information sufficient to admit or deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in the first sentence of paragraph 24 of the Complaint. The remaining allegations contained paragraph 24 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

25. Defendants deny the allegations in the first sentence of paragraph 25 of the Complaint. Defendants are without knowledge or information sufficient to admit or deny the allegations in the second and third sentenced of paragraph 25 of the Complaint. The remaining allegations contained paragraph 25 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

26. The letters and news report described in paragraph 26 of the Complaint speak for themselves. To the extent the allegations in paragraph 26 of the Complaint differ from the letters and news report described therein, they are denied. The remaining allegations contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

27. Defendants are without knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 27 of the Complaint because the term "clarity" is undefined, vague, and ambiguous, and because the "court officials" described therein are not identified. Defendants deny the remaining allegations in paragraph 27.

28. The letters described in paragraph 28 of the Complaint speak for themselves. To the extent the allegations in paragraph 28 of the Complaint differ from the letters described therein, they are denied.

29. The letters described in paragraph 29 of the Complaint speak for themselves. To the extent the allegations in paragraph 29 of the Complaint differ from the letters described therein, they are denied. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of paragraph 29 of the Complaint because the "court officials" described therein are not identified.

30. The letters described in paragraph 30 of the Complaint speak for themselves. To the extent the allegations in paragraph 30 of the Complaint differ from the letters described therein, they are denied.

31. The letters described in paragraph 31 of the Complaint speak for themselves. To the extent the allegations in paragraph 31 of the Complaint differ from the letters described therein, they are denied. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of paragraph 31 of the Complaint because the "court officials" described therein are not identified.

32. Defendants deny the allegations in the first sentence of paragraph 32 of the Complaint, as the Hon. Audrey J. S. Carrión is now the Administrative Judge of the Circuit Court for Baltimore City. The remaining allegations contained in paragraph 32 constitute legal conclusions to which no response is required.

33. Defendants admit the allegations in the first sentence of paragraph 33 of the Complaint. The remaining allegations contained in paragraph 33 constitute legal conclusions to which no response is required.

34. Defendants admit the allegations in the first sentence of paragraph 34 of the Complaint. The remaining allegations contained in paragraph 34 constitute legal

conclusions to which no response is required. To the extent a response is required, the allegations are denied.

35. Defendants admit the allegations in the first sentence of paragraph 35 of the Complaint. The remaining allegations contained in paragraph 35 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

36. Defendants incorporate by reference herein their responses to the allegations contained paragraphs 1 through 35 of the Complaint.

37. The allegations contained paragraph 37 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

38. The United States Constitution and the judicial opinions described in paragraph 38 of the Complaint speak for themselves. To the extent the allegations in paragraph 38 differ from the Constitution and judicial opinions described therein, they are denied. The remaining allegations contained in paragraph 38 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39. The United States Constitution and the judicial opinions described in paragraph 39 of the Complaint speak for themselves. To the extent the allegations in paragraph 39 differ from the Constitution and judicial opinions described therein, they are denied. The remaining allegations contained in paragraph 39 of the Complaint constitute

legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

40. The allegations contained in paragraph 40 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

41. The Maryland Rules and judicial opinion described in paragraph 41 of the Complaint speak for themselves. To the extent the allegations in paragraph 41 differ from the Maryland Rules and judicial opinion described therein, they are denied. The remaining allegations contained in paragraph 41 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

42. The Maryland statutes and rules described in paragraph 42 of the Complaint speak for themselves. To the extent the allegations in paragraph 42 differ from the Maryland statues and rules described therein, they are denied. The remaining allegations contained in paragraph 42 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

43. The allegations contained in paragraph 43 of the Complaint constitute legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

44. The allegations contained in paragraph 44 of the Complaint constitute legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

45. The allegations contained in paragraph 45 of the Complaint constitute legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

46. The United States Constitution and the judicial opinion described in paragraph 46 of the Complaint speak for themselves. To the extent the allegations in paragraph 46 differ from the Constitution and judicial opinion described therein, they are denied. The remaining allegations contained in paragraph 46 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

47. The allegations contained in paragraph 47 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

48. The allegations contained in paragraph 48 of the Complaint constitute legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

49. The allegations contained in paragraph 49 of the Complaint constitute legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

50. The allegations contained in paragraph 50 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

51. The allegations contained in paragraph 51 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails to state a cause of action upon which any relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred because their First Amendment rights have not been violated by defendants.

### Third Affirmative Defense

Plaintiffs' claims are barred because the law prohibiting the broadcast of recordings of criminal proceedings in Maryland State courts is narrowly tailored to serve a State interest of the highest order.

### Fourth Affirmative Defense

Plaintiffs lack standing to sue.

### Fifth Affirmative Defense

Plaintiffs' claims are barred by waiver.

**Sixth Affirmative Defense**

To the extent Plaintiffs seek attorneys' fees from defendants on a basis other than 42 U.S.C. § 1988, that claim is barred by judicial immunity because the defendants are judicial officers sued for acts or omissions committed in their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349 (1978).

**Seventh Affirmative Defense**

Plaintiffs are not entitled to attorneys' fees or litigation expenses under the plain language of 42 U.S.C. § 1988 because the defendants are judicial officers sued for acts or omissions committed in their judicial capacity.

WHEREFORE, having fully answered the Complaint, defendants request that the Complaint be dismissed with prejudice or, in the alternative, that judgment be entered in favor of defendants on all claims in the Complaint.

Date: October 29, 2021                Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Robert A. Scott
_____

ROBERT A, SCOTT (Bar No. 24613)
ANN M. SHERIDAN (Bar No. 11137)
Assistant Attorneys General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-7055; (410) 576-6955 (fax)
rscott@oag.state.md.us
asheridan@oag.state.md.us

Attorneys for Defendants