# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

BRANDON SODERBERG, *et al.*,    *

    *Plaintiffs*,    *

v.    *    No. 1:19-cv-1559-RDB

AUDREY J. S. CARRIÓN, *et al.*,    *

    *Defendants*.    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendants, the Honorable Audrey J. S. Carrión, sued in her official capacity as Administrative Judge of the Circuit Court for Baltimore City, and the Honorable Sheila R. Tillerson Adams, sued in her official capacity as Administrative Judge of the Circuit Court for Prince George's County, by counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby respond to plaintiffs' motion to strike five affirmative defenses raised in defendants' amended answer.[1]  (ECF 63.)

The question of whether affirmative defenses are subject to the heightened pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), as plaintiffs assert, is unsettled.  There is no Fourth Circuit or Supreme Court precedent on this question.   While defendants recognize that several judges of this

---

[1] All five of these defenses were raised in defendants' original answer, filed on September 10, 2021.  (ECF 56.)  However, for reasons that plaintiffs do not explain in their motion, plaintiffs waited until defendants' amended answer was docketed on November 1, 2021 to move to strike these defenses.

Court, including the presiding judge in this case, have ruled that affirmative defenses are subject to the heightened pleading requirements, *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 535 (D. Md. 2010), other judges have disagreed, *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 386 (D. Md. 2014); *Lockheed Martin Corp. v. United States,* 973 F.Supp.2d 591, 592 (D. Md. 2013).

In any event, it is settled that motions to strike affirmative defenses are generally disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore,* 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted). Such motions are typically reserved for cases when a defense "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action." *Id.* Further, courts generally refrain from striking affirmative defenses in the absence of a showing that, by not doing so, the movant would be unfairly prejudiced. *See Baron v. Directv,* 233 F.Supp.3d 441, 443-44 (D. Md. 2017); *LBCMT 2007-C3 Urbana Pike,* 302 F.R.D. at 386; *Lockheed Martin Corp.,* 973 F.Supp.2d at 592; *Certain Underwriters at Lloyd's, London v. R.J. Wilson & Assocs., Ltd.,* Civil No. CCB–11–1809, 2012 WL 2945489, at *5 (D. Md. July 17, 2012).

Here, plaintiffs have failed to show that they would be prejudiced if the five affirmative defenses identified in their motion are not stricken. (ECF 63 at 3-4.) They cannot claim lack of notice with respect to any of the defenses. Affirmative defenses one through four are evident from the face of the complaint and were raised during the course of litigating, to the appellate level, the motion to dismiss that defendants filed in this case

more than two years ago.[2]  With respect to the fifth affirmative defense, waiver, defendants possess knowledge of the circumstances under which they procured official court recordings and, therefore, are in possession of facts relevant to waiver.  Plaintiffs have not shown that any unfair prejudice will result if their motion is not granted.  Discovery in this case is in the early stages, and plaintiffs will have ample opportunity to explore the factual basis for all of defendants' defenses.

Finally, when affirmative defenses are stricken, the defendant should normally be granted leave to amend.  *Bradshaw*, 725 F. Supp. 2d at 535, citing *Banks v. Realty Mgmt. Serv.,* 2010 WL 420037, at *1, 2010 U.S. Dist. LEXIS 7501, at *3 (E.D.Va. Jan. 29, 2010) (citing 5C Wright & Miller § 1381 (3d ed. 2004)).  Consequently, to the extent the Court finds that additional detail is necessary with respect to any of the five affirmative defenses at issue, defendants respectfully request the opportunity to amend.

WHEREFORE, defendants respectfully request that the Court deny plaintiffs' motion to strike or, in the alternative, grant defendants 15 days to file a second amended answer setting forth additional information about affirmative answers 1 through 5.

---

[2] Although this Court's order dismissing plaintiffs' claim was ultimately reversed by the United States Court of Appeals for the Fourth Circuit, defendants reserve the right to pursue the arguments made in that motion should there be further appellate proceedings in this case.

Date: November 15, 2021

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Robert A. Scott

ROBERT A, SCOTT (Bar No. 24613)
ANN M. SHERIDAN (Bar No. 11137)
Assistant Attorneys General
Office of the Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-7055; (410) 576-6955 (fax)
rscott@oag.state.md.us
asheridan@oag.state.md.us

Attorneys for Defendants