IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON SODERBERG, *et al.*, | * | |
| Plaintiffs, | * | Civil Action No. RDB-19-1559 |
| v. | * | |
| AUDREY J.S. CARRIÓN, *et al.*, | * | |
| | * | |
| Defendants. | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

Plaintiffs Brandon Soderberg, Baynard Woods, Qiana Johnson, Open Justice Baltimore, Baltimore Action Legal Team, and Life After Release (collectively, "Plaintiffs"), bring this lawsuit against Defendants the Honorable Audrey J.S. Carrión (Judge Carrión) and the Honorable Sheila R. Tillerson Adams ("Judge Adams") (collectively, "Defendants"), alleging that Maryland's "Broadcast Ban," prohibiting the recording or broadcasting of criminal proceedings and codified at Maryland Code § 1-201 of the Criminal Procedure Article, violates the Free Speech Clause of the First Amendment and is unconstitutionally vague under the Due Process Clause of the Fourteenth Amendment. Currently pending before this Court is Plaintiffs' Motion to Strike Affirmative Defenses. (ECF No. 63). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reason's that follow, Plaintiff's Motion is GRANTED. Defendants shall file a Second Amended Answer by February 22, 2022.

## STANDARD OF REVIEW

Under Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In addition, a court "may strike a defense that is clearly insufficient as a matter of law." *Hanzlik v. Birach*, No. 09cv221 (JCC), 2009 U.S. Dist. LEXIS 63091, 2009 WL 2147845, at *3 (E.D.Va. July 14, 2009) (citing *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F.Supp.2d 945, 949 (W.D.N.C.2000)). Thus, a defense may be excised if it does not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See McLemore v. Regions Bank*, No. 08-cv-021, 2010 U.S. Dist. LEXIS 25785, 2010 WL 1010092, at *12 (M.D. Tenn. Mar. 18, 2010).

As the parties in this case have noted, this Court has held that affirmative defenses are subject to the pleading requirements articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which requires that affirmative defenses be pled in such a way as to "ensure that an opposing party receives fair notice of the factual basis for an assertion contained in a [ ] defense." *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 536 (D. Md. 2010). While this pleading standard "does not require the assertion of all supporting evidentiary facts," it does require that, "[a]t a minimum, [ ] some statement of the ultimate facts underlying the defense ... must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant." *Ulyssix Techs., Inc. v. Orbital Network Engineering, Inc.*, No. ELH-10-2091, 2011 U.S. Dist. LEXIS 14018, 2011 WL 631145, at *15 (D. Md. Feb. 11, 2011) (citation omitted). Moreover, this

Court enjoys wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order "to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D.Kan.2009).

Nevertheless, the United States Court of Appeals for the Fourth Circuit has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir.2001) (internal citations and quotations omitted). Accordingly, "in reviewing motions to strike defenses, federal courts have traditionally 'view[ed] the pleading under attack in a light most favorable to the pleader.'" *Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265, at *4, 2010 WL 2605179 (W.D.Va. June 24, 2010) (internal quotation omitted). Finally, when affirmative defenses are stricken, the defendant should normally be granted leave to amend. *Banks v. Realty Mgmt. Serv.*, 2010 U.S. Dist. LEXIS 7501, at *3, 2010 WL 420037 (E.D.Va. Jan. 29, 2010) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.2004)).

## ANALYSIS

The United States Court of Appeals for the Fourth Circuit explained the background of Maryland's "Broadcast Ban" and summarized Plaintiffs' allegations in its opinion reversing this Court's dismissal of Plaintiffs' Complaint. *Soderberg v. Carrion*, 999 F.3d 962 (4th Cir. 2021). After the case was remanded to this Court, Defendants filed an Amended Answer in which they asserted seven affirmative defenses. (Am. Answer, ECF No. 62 at 11-

12.) Plaintiffs have now moved to strike the First, Second, Third, Fourth, and Fifth

Affirmative Defenses:

1. "Plaintiffs' Complaint fails to state a cause of action upon which any relief may be granted."
2. "Plaintiffs' claims are barred because their First Amendment Rights have not been violated by defendants."
3. "Plaintiffs' claims are barred because the law prohibiting the broadcast of recordings in criminal proceedings in Maryland State Courts is narrowly tailored to serve a State interest of the highest order."
4. "Plaintiffs lack standing to sue."
5. "Plaintiffs' claims are barred by waiver."

(ECF No. 62 at 11.) As was the case in *Mut. Ben. Ins. Co. v. R. Gates Constr. Co.*, No. RDB-20-

0069, 2020 U.S. Dist. LEXIS 178555, at *5 (D. Md. Sep. 29, 2020), these affirmative

defenses are clearly insufficient and must be stricken. First, none of these defenses contains

any factual allegations whatsoever that meet the pleading requirements under Rule 8 of the

Federal Rules of Civil Procedure, as set forth in *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S.

662. Instead, Defendants provide a boilerplate list of affirmative defenses without any

corresponding factual allegations. As the parties aware, this Court has previously noted that

such "bare-bones assertions" do not suffice to "ensure that an opposing party receives fair

notice of the factual basis for an assertion contained in a [ ] defense." *See Bradshaw v. Hilco*

*Receivables, LLC*, 725 F.Supp.2d 532, 536 (D. Md. 2010); *see also Mut. Ben. Ins. Co. v. R. Gates*

*Constr. Co.*, No. RDB-20-0069, 2020 U.S. Dist. LEXIS 178555, at *5 (D. Md. Sep. 29, 2020).

Accordingly, Plaintiffs' Motion to Strike Affirmative Defenses (ECF No. 63) is GRANTED.

Defendants shall file a Second Amended Answer setting forth the factual basis for their

affirmative defenses by February 22, 2022. *See Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp.

2d 532, 535 (D. Md. 2010).

**CONCLUSION**

For the reasons stated above, it is HEREBY ORDERED this 8th day of February

2022 that Plaintiffs' Motion to Strike Affirmative Defenses (ECF No. 63) is GRANTED.

Defendant shall file a Second Amended Answer by February 22, 2022.

_____/s/_____
Richard D. Bennett
United States District Judge